1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| YAKAMA NATION LAND ENTERPRISE,<br><br>    Plaintiff,<br><br><br>  v.<br><br><br>JACOB BAKER, ROBERT BROYLES, and INTEGRATED ENDEAVORS, LLC, d/b/a ColoAZ, d/b/a Citywidehost, d/b/a RemarkableTEK,<br><br>    Defendants. | Case No. _____<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:**<br><br>**(1) VIOLATIONS OF THE RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT;**<br>**(2) CONVERSION;**<br>**(3) FRAUD;**<br>**(4) CIVIL CONSPIRACY;**<br>**(5) FRAUDULENT MISREPRESENTATION;**<br>**(6) UNJUST ENRICHMENT AND RESTITUTION; AND**<br>**(7) CONSTRUCTIVE TRUST**<br><br>**DEMAND FOR JURY TRIAL** |

   Plaintiff, Yakama Nation Land Enterprise ("YNLE" or "Plaintiff"), by and through undersigned counsel, files this Complaint and alleges the following upon personal knowledge, information, and belief based on investigation, as set forth herein.  Plaintiff's RICO Case Statement required by Local Rule 3.2 is filed concurrently with this Complaint.

COMPLAINT - 1

**GALANDA BROADMAN PLLC**
8606 35th Ave., NE, Suite L1
Mailing: PO Box 15146
Seattle, Washington 98115
(206) 557-7509

# I.    NATURE OF THE CASE

1.      This action alleges violations of the Racketeer Influenced Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1964, against Defendants Jacob Baker and Robert Broyles (collectively "RICO Defendants"), and claims based on civil conspiracy, fraud, fraudulent misrepresentation, and conversion against Defendants Baker, Broyles, and Integrated Endeavors, LLC (collectively, "Defendants").

2.      Defendants devised a scheme to overcharge YNLE for IT services and equipment through companies in which Defendants Baker and Broyles are associated.  RICO Defendants possess an ownership interest in or are otherwise affiliated with Integrated Endeavors and its subsidiary brands ColoAZ, RemarkableTEK, and City Wide Host, as well as companies One Step Networks, Web Services of Arizona, and Synapses Technologies.  RICO Defendants concealed from YNLE their associations with these brands and companies, and thereby violated the terms of their employment with YNLE.  RICO Defendants, while YNLE employees, contracted with these Integrated Endeavors' brands and other companies to provide YNLE with various IT services and equipment.  From April of 2014 until November of 2015, Defendants charged YNLE in excess of market rates for services and equipment provided, often at several times the usual and accustomed rates for these services and equipment.  YNLE relied on the good faith representations of RICO Defendants—its employees—and upon express representations from RICO Defendants that the prices for the services and equipment provided by third-party corporate entities were fair.  Defendants also charged YNLE for services and equipment that was never provided or delivered.  Defendants have also refused to cooperate with YNLE in securing the release of YNLE property presently stored in a data

COMPLAINT - 2

GALANDA BROADMAN PLLC
8606 35th Ave., NE, Suite L1
Mailing: PO Box 15146
Seattle, Washington 98115
(206) 557-7509

center in Atlanta, Georgia, demanding YNLE execute a total release from liability before Defendants will release this property.

## II.    PARTIES

**A.    Plaintiff**

3.    Plaintiff YNLE is a tribal entity organized under the laws of the Confederated Tribes and Bands of the Yakama Nation ("Yakama Nation").   YNLE's principal place of business is located in Toppenish, Washington, within the exterior boundaries of the Yakama Nation Reservation.   YNLE is one of the Yakama Nation's five main business enterprises. YNLE administers, purchases, sells, leases and develops the Yakama Nation's land.   YNLE also has worked to develop telecommunications and Internet service infrastructure on the Yakama Nation Reservation, through its Yakama Nation Networks ("YNN") division.

**B.    Defendants**

4.    Defendant Jacob Baker is a resident of Arizona and a former YNLE employee. Upon information and belief, Defendant Baker possesses an ownership interest or is otherwise affiliated with Integrated Endeavors, LLC and its subsidiary brands.   Upon information and belief, Defendant Baker likewise possesses an ownership interest in or is otherwise affiliated with the company One Step Networks.

5.    Defendant Robert Broyles is a resident of Arizona and a former YNLE employee.   Upon information and belief, Defendant Broyles possesses an ownership interest in or is otherwise affiliated with Integrated Endeavors, LLC and its subsidiary companies.   Upon information and belief, Defendant Baker likewise possesses an ownership interest in or is otherwise affiliated with the company Web Services of Arizona.

COMPLAINT - 3

6.      Integrated Endeavors, LLC is a limited liability corporation organized under the laws of Arizona.    Integrated Endeavors' brands include ColoAZ, CityWideHost, and RemarkableTEK, which all have trade names registered with the State of Arizona.    The corporate members of Integrated Endeavors are the following corporate entities: All Pro I.T. Staffing, LLC, One Step Networks, LLC, and Web Services of Arizona, LLC.    Timothy Springer is the registered agent for Integrated Endeavors.

### III.    JURISDICTION AND VENUE

7.      The Court possess jurisdiction under 28 U.S.C. § 1331.    Plaintiff's First and Second Claims for Relief are made pursuant to the Racketeering Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1964(c), and present a federal question.

8.      The Court possesses diversity jurisdiction pursuant to 28 U.S.C. § 1332.    The parties are diverse in citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs.    RICO Defendants Bakers and Broyles are domiciled in Arizona.    Defendant Integrated Endeavors is incorporated under the laws of Arizona and its principal place of business is located in Arizona.    Plaintiff YNLE is a tribal entity formed under tribal law and its principal place of business is located within the exterior boundaries of the Yakama Nation Reservation in the State of Washington.

9.      The Court may exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff YNLE's pendant state law claims.    Plaintiff YNLE's state law claims are so related to the claims herein over which the Court has original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

COMPLAINT - 4

10.    The Court possesses personal jurisdiction over Defendants.  Defendants have conducted substantial, continuous, and systematic business within the State of Washington, and Defendants have purposefully directed their activities towards the State of Washington and the claims asserted herein arise out of their contacts with Washington.

11.    Venue is proper in the Eastern District of Washington.  A substantial part of the events or omissions giving rise to YNLE's claims occurred on the Yakama Nation Reservation. 28 U.S.C. § 1391(a)(2).  Defendants transacted their affairs on the Yakama Nation Reservation. 18 U.S.C. § 1965(a).  The Yakama Nation Reservation lies within the Eastern District of Washington.

## IV.    FACTS

**A.    Business Entities Affiliated With Defendants**

**1.    Integrated Endeavors' Brands**

12.    Integrated Endeavors incorporated under the laws of Arizona on April 16, 2014. Integrated Endeavors purportedly provides various IT services to small and medium sized businesses through its three brands.  Integrated Endeavors' brands include ColoAZ, CityWideHost, and RemarkableTEK, which all have trade names registered with the State of Arizona.  Integrated Endeavors provided various IT services to YNLE through its brands ColoAZ and Citywidehost.

**a.    ColoAZ**

13.    Integrated Endeavors identifies ColoAZ as its "flagship" brand.

14.    Integrated Endeavors registered the ColoAZ trade name with the Arizona Secretary of State on May 7, 2014.

COMPLAINT - 5

GALANDA BROADMAN PLLC
8606 35th Ave., NE, Suite L1
Mailing: PO Box 15146
Seattle, Washington 98115
(206) 557-7509

15.     ColoAZ allegedly provides colocation services to small and medium sized businesses at Phoenix NAP facilities.

16.     ColoAZ rented cabinet space to YNLE in Phoenix NAP facilities in Phoenix, Arizona and Atlanta, Georgia at rates in excess of the usual and accustomed rates for this service.  ColoAZ frequently charged YNLE at a rate three times the market prices for such colocation services.

**b.     Citywidehost**

17.     Citywidehost also is an Integrated Endeavors brand.

18.     Integrated Endeavors registered the Citywidehost trade name with the Arizona Secretary of State on January 27, 2012.

19.     Citywidehost allegedly provides general web hosting services to small and medium sized businesses.

20.     Citywidehost provided YNLE cloud management, phone configuration, and various IT services, and possibly other services that Plaintiff expects may be revealed during the course of discovery in the instant action.

**c.     RemarkableTEK**

21.     RemarkableTEK is another Integrated Endeavors brand.

22.     RemarkableTEK allegedly provides cloud hosting services.

23.     It is presently unknown whether RemarkableTEK provided any services to YNLE directly or indirectly.

/ / /

/ / /

COMPLAINT - 6

### 2. Integrated Endeavors' Corporate Members

24.     The corporate members of Integrated Endeavors are the following corporate entities: All Pro I.T. Staffing, LLC, One Step Networks, LLC, and Web Services of Arizona, LLC.

#### a. One Step Networks, LLC

25.     One Step Networks, LLC possesses an interest in Integrated Endeavors.  One Step Networks is a limited liability corporation organized under the laws of Arizona.  One Step Networks is a network design business based in Surprise, Arizona.  Defendant Baker is the registered agent for and only registered corporate member of One Step Networks.  It is presently unknown whether One Step Networks provided any services to YNLE directly or indirectly.

#### b. Web Services of Arizona, LLC

26.     Web Services of Arizona, LLC possesses an interest in Integrated Endeavors. Web Services of Arizona is a limited liability corporation organized under the laws of Arizona. Defendant Broyles is the registered agent for Web Services of Arizona.  Defendant Broyles and Rachel Broyles are registered corporate members of Web Services of Arizona.  Web Services of Arizona provided, at least, phone-related services for YNLE.

#### c. Synapses Technologies, LLC

27.     Synapses Technologies, LLC is a limited liability company organized under the laws of Arizona.  Synapses Technologies provides hosting and cloud computing services as well as IT equipment.  James Ericksen is the registered agent and Brian Long is the only known corporate member of Synapses Technologies.  YNLE purchased servers and server-

**GALANDA BROADMAN PLLC**
8606 35th Ave., NE, Suite L1
Mailing: PO Box 15146
Seattle, Washington 98115
(206) 557-7509

related equipment from Synapses Technologies.

### d.     All Pro I.T. Staffing

28.     All Pro I.T. Staffing possesses an interest in Integrated Endeavors.  All Pro I.T. Staffing is not an incorporated entity.  All Pro I.T. Staffing has registered its trade name with the Arizona Secretary of State.  All Pro I.T. Staffing is a technology and consulting business based in Surprise, Arizona.  Leanna Springer is listed as the owner of the All Pro I.T. Staffing trade name.  It is unknown at present whether All Pro I.T. Staffing directly or indirectly provided YNLE any services.

## B.     YNLE's Operation of YNN

29.     YNLE owns and operates YNN.  YNN provides high-speed Internet services to residents and businesses located on the Yakama Nation Reservation.  Beginning in 2013, YNN started to develop Gravity Networks, which sought to grow a cloud network to provide virtual private servers that companies could lease from YNN for a fee.

## C.     YNLE's Employment of Baker and Broyles

30.     YNLE employed Defendant Baker as the YNN IT Administrator beginning on November 10, 2010.  Defendant Baker was promoted to YNLE IT Manager on October 1, 2013.  Defendant Baker entered into an employment contract ("Baker IT Management Contract") with YNLE on May 1, 2014, to serve as the YNLE IT Director at an annual salary of $86,250.00.  After discovering the fraud, YNLE terminated Defendant Baker's employment on or about November of 2015.

31.     As YNLE IT Manager, Defendant Baker oversaw all IT-related business ventures and managed YNLE IT employees.  Specifically, Defendant Baker oversaw YNN and

COMPLAINT - 8

GALANDA BROADMAN PLLC
8606 35th Ave., NE, Suite L1
Mailing: PO Box 15146
Seattle, Washington 98115
(206) 557-7509

internal YNLE IT until he was demoted in August of 2015. Under his contract with YNLE, Defendant Baker worked remotely from his residence in Arizona and generally worked from YNLE headquarters on the Yakama Nation Reservation two days per month.

32.    Defendant Baker hired Defendant Broyles in July of 2014, purportedly to assist and manage YNLE business ventures. Specifically, Defendant Baker worked as YNLE's cloud operations manager.

33.    Defendant Baker's contract required him to disclose business ventures he was involved with. In partial compliance with this requirement, Defendant Baker disclosed to YNLE his ownership interest in a coffee shop. Defendant Baker did not, however, disclose his ownership interest in and/or affiliation with Integrated Endeavors or any Integrated Endeavors' brands throughout his employment with YNLE. Defendant Baker also concealed his ownership interest in and/or affiliation with One Step Networks, LLC throughout his employment with YNLE.

34.    YNLE hired Defendant Broyles on July 16, 2014. Defendant Broyles worked as YNLE's Cloud Operations Manager and YNLE paid him $70,000 annually. Defendant Baker urged YNLE to hire Defendant Broyles. Defendant Baker claimed that Defendant Broyles possessed specialized skills that would assist Defendant Baker and benefit YNLE's YNN.

35.    Defendant Broyles did not disclose any ownership interest in or affiliation with Integrated Endeavors, or Web Services of Arizona to YNLE while he was employed by YNLE. Defendant Baker never disclosed to YNLE his separate business relations with Defendant Broyles.

COMPLAINT - 9

**D.      ColoAZ Markups of Colocation Services**

36.      YNLE engaged ColoAZ for various IT services beginning in April of 2014, at the urging of Defendants Baker and Broyles.  ColoAZ billed YNLE a total of $106,868.01 for various IT equipment and services between April 23, 2014, and November 17, 2015.  Of the $106,868.01 ColoAZ billed YNLE between April of 2014 and November of 2015, only $25,825.01 was validly charged.  Upon information and belief, ColoAZ overcharged YNLE in the amount of $21,868.50 and fraudulently billed YNLE in the amount of  $59,174.99, for a total of $81,043.49.

37.      ColoAZ charged YNLE $3,158.00 per month for colocation services at the Phoenix NAP facility in Phoenix, Arizona.  ColoAZ charged YNLE $2,000.00 per month for colocation services at the Phoenix NAP facility in Atlanta, Georgia.  Upon information and belief, Phoenix NAP leases the same cabinet space at both facilities for $1,000.00 per month (or $2,000.00 per month for both locations).  ColoAZ's pricing at the Phoenix, Arizona facility represents a three-fold markup from the market price.  ColoAZ's pricing at the Atlanta, Georgia facility represents a two-fold markup from the market price.  Had Defendants Baker and/or Broyles undertaken their duties to their employer in good faith and not sought to charge their employer through Defendant Baker's and Broyles' separate and undisclosed corporate interests, there would have been no markup and YNLE could have simply paid $2,000.00 per month for colocation services at both locations.

38.      ColoAZ charged YNLE $407.46 per month for Class C IP space for an annual total of $4,889.50.  The market price for Class C IP space is $213.33 per month for a total of $2,560.00 annually.  ColoAZ's charges represent a two-fold markup over the market price.

GALANDA BROADMAN PLLC
8606 35th Ave., NE, Suite L1
Mailing: PO Box 15146
Seattle, Washington 98115
(206) 557-7509

Again, had Defendants Baker and/or Broyles undertaken their duties to their employer in good faith and not sought to charge their employer through Defendant Baker's and Broyles' separate and undisclosed corporate interests, there would have been no markup and YNLE could have simply paid $2,560.00 annually for its Class C IP space.

**E.     YNLE Discovers Baker's and Broyles' Affiliations.**

39.     YNLE's billing from Integrated Endeavors brands for various IT services and equipment at rates far exceeding the usual and accustomed rates for such services and equipment steadily increased from April 2014 to November of 2015.

40.     On or about August of 2015, YNLE employee Matt Hoptowit discovered that YNLE Internet traffic was being routed through Wichita, Kansas.  Hoptowit then asked Defendant Baker why YNLE Internet traffic was being routed through Kansas, and Defendant Baker replied that he would ask ColoAZ to take care of it.  Defendant Baker did not, however, resolve the issue in a timely fashion, so Hoptowit contacted ColoAZ directly.

41.     When Hoptowit called ColoAZ, he recognized Defendant Baker's voice on ColoAZ's automated message system.  Hoptowit then called Integrated Endeavors, and Hoptowit likewise recognized the voice of Defendant Broyles as the individual that answered the phone for this separate business entity that Baker and/or Broyles had arranged to be a vendor doing business with their employer.

42.     YNLE investigated Integrated Endeavors and discovered Defendants Baker's and Broyles' undisclosed affiliation with the corporation.  YNLE also discovered that Integrated Endeavors had grossly overcharged YNLE for various IT services and equipment.

COMPLAINT - 11

**GALANDA BROADMAN PLLC**
8606 35th Ave., NE, Suite L1
Mailing: PO Box 15146
Seattle, Washington 98115
(206) 557-7509

43.    As a result, YNLE terminated Defendant Baker's and Broyles' employment on November 13, 2015.

**F.    Unreturned Atlanta Equipment**

44.    In 2015, YNLE purchased server equipment ("Atlanta Equipment") from Synapses Technologies at Defendant Baker's and Broyles' suggestion and recommendation. YNLE's Atlanta Equipment was allegedly shipped to the Phoenix NAP facility in Atlanta, Georgia.

45.    After YNLE terminated Defendants Baker's and Broyles' employment, YNLE requested that Defendants Baker and Broyles return all of YNLE's property.

46.    On November 30, 2015, Defendants Baker and Broyles returned to YNLE's possession two laptops, among other equipment. Defendants Baker and Broyles did not return, or arrange to be returned, any of the Atlanta Equipment.

47.    On December 24, 2015, YNLE demanded that Defendants Baker and Broyles return the Atlanta Equipment. Defendant Baker responded by email that same day referencing only the return of the two laptops and other equipment, but ignoring the request for the return of the Atlanta Equipment. YNLE replied to Defendants' response emails, again demanding return of the Atlanta Equipment.

48.    On December 28, 2015, Defendant Broyles responded to YNLE's December 24, 2015, email and refused to return the equipment. Defendant Broyles indicated that the Atlanta Equipment would only be returned after YNLE signed a release of liability and all future claims against Integrated Endeavors, Jacob Baker, Robert Broyles, Timothy Springer, and all of Integrated Endeavors' affiliates. YNLE responded to Defendant Broyles' email on that

GALANDA BROADMAN PLLC
8606 35th Ave., NE, Suite L1
Mailing: PO Box 15146
Seattle, Washington 98115
(206) 557-7509

same day demanding, again, return of the Atlanta Equipment.  Defendant Broyles responded also on that same day refusing to return the Atlanta Equipment to YNLE.

## V.    CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF:

#### Federal Civil RICO, 18 U.S.C. § 1962(c)
#### (RICO Defendants Baker and Broyles)

49.    YNLE incorporates by reference all the preceding paragraphs of this Complaint as if fully set forth herein.

50.    At all relevant times, RICO Defendants Baker and Broyles are each "person[s]" within the meaning of 18 U.S.C. §§ 1961(3) and 1962(c).

51.    Each RICO Defendant violated 18 U.S.C. § 1962(c) by the acts described in the paragraphs below.

**The Enterprise**

52.    At all times relevant hereto, Integrated Endeavors constitutes an "Enterprise" within the meaning of 18 U.S.C. §§ 1961(4) and 1962(c).

53.    At all relevant times, Integrated Endeavors, a corporation, was engaged in, and/or its activities affected, interstate commerce and/or foreign commerce within the meaning of 18 U.S.C. § 1962(c).

54.    At all times relevant hereto, RICO Defendants possessed an ownership interest in or were otherwise associated with Integrated Endeavors.    Each RICO Defendant participated, directly or indirectly, in the operation or management of Integrated Endeavors.

55.    Integrated Endeavors, as alleged herein, business activities were not limited to RICO Defendants' predicate acts and, upon information and belief, had business extending

COMPLAINT - 13

GALANDA BROADMAN PLLC
8606 35th Ave., NE, Suite L1
Mailing: PO Box 15146
Seattle, Washington 98115
(206) 557-7509

beyond RICO Defendants' racketeering activity.  Integrated Endeavors exists separate and apart from the pattern of racketeering activity for the legitimate business purpose of providing various IT services to YNLE and other customers.  RICO Defendants have had and do have legitimate business plans outside the pattern of racketeering activity.

**Pattern of Racketeering Activity**

56.    RICO Defendants, each of whom are persons associated with, or employed by, Integrated Endeavors, did knowingly, willfully, and unlawfully conduct or participate, directly or indirectly, in the conduct, management, or operation of Integrated Endeavors' affairs through a pattern of racketeering activity within the meaning of 18 U.S.C. §§ 1961(1), 1961(5) and 1962(c), through multiple instances of Mail Fraud and Wire Fraud, in violation of 18 U.S.C. §§ 1343 and 1343.

**Predicate Acts: Use of the Mail and Wires to Defraud YNLE, in violation of 18 U.S.C. §§ 1341 and 1343**

57.    RICO Defendants devised or intended to devise a scheme or artifice to defraud YNLE to obtain money by means of false or fraudulent pretenses, representations or promises.

58.    For the purposes of executing their scheme or artifice, RICO Defendants caused delivery of various documents and things by the U.S. mail or by private or commercial interstate carriers, or received such therefrom.  For the purposes of executing their scheme or artifice, RICO Defendants transmitted or caused to be transmitted by means of wire communications in interstate or foreign commerce various writings, signs and signals.

59.    In furtherance of their scheme, RICO Defendants used wires and/or U.S. mail or private or commercial carriers to induce YNLE to make payment of aforementioned fraudulent

COMPLAINT - 14

**GALANDA BROADMAN PLLC**
8606 35th Ave., NE, Suite L1
Mailing: PO Box 15146
Seattle, Washington 98115
(206) 557-7509

invoices, upgrade services provided by YNLE, engage ColoAZ in other and additional IT services.

60.     RICO Defendants traveled in interstate commerce and used the mail and facilities in interstate commerce with intent to promote, manage, establish, carry on or facilitate the promotion, management, establishment or carrying on, of an unlawful activity.

61.     RICO Defendants' racketeering acts were multiple, continuous, and ongoing from about April 23, 2014, until November 17, 2015.

62.     RICO Defendants participated in the scheme or artifice knowingly, willfully, and with the specific intent to advance their scheme or artifice to deceive or defraud YNLE. RICO Defendants knowingly and intentionally prepared invoices, and then knowingly and with the intent to deceive YNLE, caused those invoices to be sent to YNLE.

63.     RICO Defendants carried out their scheme in different states and could not have done so unless RICO Defendants used the U.S. mail or private or commercial interstate carries or interstate wires.

**Summary**

64.     Each RICO Defendant has engaged in multiple predicate acts, as described in paragraphs 12 – 48, *supra*.  The conduct of each RICO Defendant described in 12 – 48, *supra*, constitutes a pattern of racketeering activity within the meaning of 18 U.S.C. §1961(5).

65.     RICO Defendants' violations of federal law as set forth herein, each of which directly and proximately injured YNLE, constitutes a continuous course of conduct, which was intended to obtain money through false representations, fraud, deceit, and other improper and

COMPLAINT - 15

GALANDA BROADMAN PLLC
8606 35th Ave., NE, Suite L1
Mailing: PO Box 15146
Seattle, Washington 98115
(206) 557-7509

1  unlawful means.  Therefore, said violations were a part of racketeering activity as defined by

2  18 U.S.C. §§ 1961(1) and (5).

3      66.    YNLE was injured in its business or property by reason of RICO Defendants'

4  violation of 18 U.S.C. § 1962(c).  The injuries caused to YNLE by reason of RICO

5  Defendants' violations of 18 U.S.C. § 1962(c) include, but are not limited to, damage to

6  YNLE's business and property.

7      67.    RICO Defendants' injuries to YNLE were a direct, proximate, and reasonably

8  foreseeable result of their violation of 18 U.S.C. § 1962.  YNLE is the ultimate victim of RICO

9

10 Defendants' unlawful Enterprise.   YNLE has been and will continue to be injured in its

11 business and property in an amount to be determined at trial.

12     68.    Pursuant to 18 U.S.C. § 1962(c), YNLE is entitled to recover treble damages

13 plus costs and attorneys' fees from RICO Defendants as well as any other relief authorized by

14 statute.

15
                        **SECOND CLAIM FOR RELIEF:**
16                  **Violations of RICO, 18 U.S.C. § 1962(d)**
17                      **(Defendants Baker and Broyles)**

18     69.    YNLE incorporates by reference all the preceding paragraphs of this Complaint

19 as if fully set forth herein.

20
       70.    At all relevant times, RICO Defendants Baker and Broyles were "person[s]"
21
   pursuant to 18 U.S.C. §§ 1961(3) and 1962(d).
22

23     71.    At all relevant times, Integrated Endeavors, a corporation, was an "enterprise"

24 within the meaning of 18 U.S.C. § 1961(4).

25

COMPLAINT - 16

72.     At all relevant times, Integrated Endeavors was engaged in, and/or its activities affected, interstate commerce and/or foreign commerce within the meaning of 18 U.S.C. § 1962(c).

73.     RICO Defendants agreed to conduct or participate, directly or indirectly, in the conduct, management, or operation of Integrated Endeavors' affairs through a pattern of racketeering activity in violation of 18 U.S.C. § 1962(c).

74.     RICO Defendants have unlawfully, knowingly and willfully combined, conspired, confederated and agreed together and with others to violate 18 U.S.C. § 1962(c) as described above, in violation of 18 U.S.C. § 1962(d).

75.     The conspiracy commenced at least as early as April of 2014.

76.     The conspiracy's purpose was to fraudulently overbill, overcharge, or simply fraudulently bill or charge YNLE for various services provided by Integrated Endeavors and by its brands, including ColoAZ, RemarkableTEK and CityWideHost, to RICO Defendants' own benefit and to facilitate the payment of these fraudulent invoices in an effort to defraud YNLE.

77.     Each RICO Defendant committed at least one overt act in furtherance of such conspiracy.  These acts in furtherance of the conspiracy included overbilling, misleading and concealing information from YNLE.

78.     RICO Defendants knew that they were engaged in a conspiracy to commit the predicate acts, and they knew that the predicate acts were part of such racketeering activity, and the participation and agreement of each of the RICO Defendants was necessary to allow the commission of this pattern of racketeering activity.  RICO Defendants' conduct constitutes a conspiracy to violate 18 U.S.C. § 1962(c), in violation of 18 U.S.C. § 1962(d).

COMPLAINT - 17

79.     Each RICO Defendant knew about and agreed to facilitate the Integrated Endeavors' scheme to fraudulently overbill YNLE.  It was part of the conspiracy that RICO Defendants would commit a pattern of racketeering activity in the conduct of the affairs of Integrated Endeavors, including the acts of racketeering set forth in paragraphs 12 – 48, *supra*.

80.     As a direct and proximate result of RICO Defendants' conspiracy, the enterprise's acts of racketeering activity, the overt acts taken in furtherance of that conspiracy, and violations of 18 U.S.C. § 1962(d), YNLE has been injured in its business and property, including damage to YNLE's business and property in an amount to be determined at trial.

81.     Pursuant to 18 U.S.C. § 1964(c), YNLE is entitled to recover treble damages plus costs and attorneys' fees from RICO Defendants as well as any other relief authorized by statute.

### THIRD CLAIM FOR RELIEF:
### Conversion

### (Against Defendants Baker, Broyles, and Integrated Endeavors)

82.     YNLE incorporates by reference all the preceding paragraphs of this Complaint as if fully set forth herein.

83.     On or around December 24, 2015, Defendants willfully took and asserted ownership of the Atlanta Equipment without any right or justification and without YNLE's consent.

84.     YNLE has demanded that Defendants return the Atlanta Equipment. Defendants have refused and failed to return the Atlanta Equipment, and continue to obstruct in facilitation of its return from the Atlanta facility.

COMPLAINT - 18

85.    Defendants have willfully interfered with and converted YNLE's personal property, without lawful justification, as a result of which YNLE has been deprived of possession and use of its property.

86.    On the basis of Defendants' knowing, intentional, willful, and malicious unlawful and illegal actions as herein complained of, Defendants have committed conversion as defined under Washington law, RCW §§ 4.24.230, *et seq.*

87.    As a result of Defendants' actions, YNLE has been damaged in an amount to be proven at trial.

88.    As a result of Defendants' actions, YNLE has suffered and continues to suffer harm.

**FOURTH CLAIM FOR RELIEF:**
**Fraud**
**(Against Defendants Baker and Broyles)**

89.    YNLE incorporates by reference all the preceding paragraphs of this Complaint as if fully set forth herein.

90.    As set forth above, Defendants perpetrated fraud by engaging in a scheme to procure money by inducing payment with false invoices to YNLE.  Defendants intentionally concealed the fraud from YNLE.

91.    Defendants materially misrepresented and concealed the market price of IT equipment and services from YNLE.  Defendants made such misrepresentations and omissions by reporting artificially inflated prices for such equipment and services to YNLE.

92.    Defendants made these representations and omissions knowingly, or at least with reckless disregard of their falsity, given that Defendants knew, or should have known, that

**GALANDA BROADMAN PLLC**
8606 35th Ave., NE, Suite L1
Mailing: PO Box 15146
Seattle, Washington 98115
(206) 557-7509

the prices that Defendants charged to YNLE were substantially higher than market prices, and yet advised YNLE that the prices were fair.

93.     Defendants intended to induce YNLE to rely on their misrepresentations and/or omissions.  Defendants knew that YNLE would rely on Defendants' misrepresentations and/or omissions regarding IT equipment and service prices and, as a result, would pay rates higher than the actual market prices for those equipment and services.

94.     YNLE justifiably relied on Defendants' misrepresentations and omissions in that YNLE would not have purchased equipment and services but for Defendants' misrepresentations and omissions.  YNLE's reliance on Defendants' misrepresentations and omissions was, thus, to YNLE's detriment.

95.     As a proximate result of Defendants' conduct, YNLE has been damaged because it paid rates that were for higher than the prices it would have paid but for Defendants' misconduct.

96.     Defendants are therefore liable to YNLE for the damages it sustained.

**FIFTH CLAIM FOR RELIEF:**
**Civil Conspiracy to Defraud**
**(Against Defendants Baker and Broyles)**

97.     YNLE incorporates by reference all the preceding paragraphs of this Complaint as if fully set forth herein.

98.     Defendants combined and agreed with one another to defraud YNLE by failing to disclose market prices for IT equipment and services as alleged in paragraphs 12 – 48, *supra*.

99.     The conspiracy commenced as early as April of 2014.

COMPLAINT - 20

**GALANDA BROADMAN PLLC**
8606 35th Ave., NE, Suite L1
Mailing: PO Box 15146
Seattle, Washington 98115
(206) 557-7509

100.    Pursuant to their agreement(s), Defendants acted in concert to support their common purpose of defrauding YNLE in order to cause YNLE to overpay for services and equipment purchased from Integrated Endeavors.

101.    Each Defendant committed at least one overt act in furtherance of such conspiracy, including misleading YNLE as to the market price and value of services and equipment.

102.    Each Defendant acted with the common intent to defraud YNLE and understood that the other Defendant shared in that common purpose.

103.    Defendants' conduct was willful, wanton, malicious, and oppressive.

104.    Defendants' unlawful conspiracy has directly, legally, and proximately caused and continues to cause injuries to YNLE in its business and property.  This injury includes YNLE paying excessive prices for services and goods.

105.    YNLE seeks an award of damages in an amount to be determined at trial, and for other just and equitable relief as determined by the Court.

### SIXTH CLAIM FOR RELIEF:

**Fraudulent Misrepresentation**
**(Against Defendants Baker, Broyles, and Integrated Endeavors)**

106.    YNLE incorporates by reference all the preceding paragraphs of this Complaint as if fully set forth herein.

107.    Defendants made material misrepresentations of fact as to the market prices for the equipment and services they provided to YNLE.  Defendants knew at all times that those misrepresentations were false at the time they made them and at all times relevant herein.

COMPLAINT - 21

108.    Defendants Baker and Baker made those representations knowingly and with the intent to defraud YNLE.

109.    At the time the misrepresentations were made, YNLE was unaware of the falsity of the Defendants' representations and believed them to be true.

110.    YNLE reasonably and justifiably relied upon Defendants' representations described herein.

## SEVENTH CLAIM FOR RELIEF:

### Unjust Enrichment and Restitution
### (Against Defendants Baker and Broyles, Integrated Endeavors)

111.    YNLE incorporates by reference all the preceding paragraphs of this Complaint as if fully set forth herein.

112.    Defendants Baker, Broyles, and Integrated Endeavors have illegally obtained monies and other things belonging to YNLE to which Defendants were not entitled.  It would be unjust for Defendants to retain those ill-gotten monies and other belongings.

113.    Justice and equity require that YNLE is entitled to recovery and restitution based on Defendants' unjust enrichment in an amount to be determined at trial.

## EIGHTH CLAIM FOR RELIEF

### Constructive Trust

### (Against Defendants Baker, Broyles, and Integrated Endeavors)

114.    YNLE incorporates by reference all the preceding paragraphs of this Complaint as if fully set forth herein.

115.    Defendants improperly and wrongfully obtained monies and property to which they were not entitled and which should be returned.  YNLE is entitled to a constructive trust

COMPLAINT - 22

GALANDA BROADMAN PLLC
8606 35th Ave., NE, Suite L1
Mailing: PO Box 15146
Seattle, Washington 98115
(206) 557-7509

1   on and over all property, proceeds, and profits obtained by Defendants as a result of the

2   misconduct alleged herein.

3                              **NINTH CLAIM FOR RELIEF**

4                                  **Breach of Contract**

5                               **(Against Defendant Baker)**

6          116.    YNLE incorporates by reference all the preceding paragraphs of this Complaint

7   as if fully set forth herein.

8          117.    YNLE has performed all duties, promises, and obligations required of it and all

9   conditions precedent that YNLE agreed to perform in the Baker IT Management Contract

10  described in paragraph 30, *supra*.

11         118.    Under Section 8 of the Baker IT Management Contract, Defendant was required

12  to devote all of his time, attention, knowledge, and skills solely to the business and interest of

13  YNLE.  Section 8 also prohibited Defendant from being interested, directly or indirectly, in

14  any manner, as partner, office, director, stockholder, advisor, employee or in any other capacity

15  in any other business similar to YNLE's business or any allied trade.

16         119.    Defendant only disclosed his ownership interest in a coffee shop to YNLE.  The

17  Baker IT Management Contract only permitted defendant Baker to maintain his ownership

18  interest in this coffee company, which Defendant disclosed to YNLE.

19         120.    Defendant maintained an ownership interest in or affiliation with Integrated

20  Endeavors and One Step Networks, in violation of Section 8 of the Baker IT Management

21  Contract.

22         121.    Defendant's ownership interest in or affiliation with Integrated Endeavors and

23  One Step Networks constitutes a breach of the Baker IT Management Contract.

COMPLAINT - 23

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

## TENTH CLAIM FOR RELIEF

### Breach of Duty of Good Faith and Fair Dealing

### (Against Defendant Baker)

122.    YNLE incorporates by reference all the preceding paragraphs of this Complaint as if fully set forth herein.

123.    YNLE and Defendant entered into the Baker IT Management Contract.

124.    YNLE has performed all duties, promises, and obligations required of it and all conditions precedent that YNLE agreed to perform in the Baker IT Management Contract described in paragraph 30, *supra*.

125.    All conditions required for Defendant's performance under the Baker IT Management Contract occurred.

126.    Defendant unfairly interfered with YNLE's right to receive the benefits of the Baker IT Management Contract.

127.    YNLE was harmed in its business and property by Defendant's conduct.

### PRAYER FOR RELIEF

WHEREFORE, YNLE respectfully requests that the Court:

1.    Award damages to Plaintiff in an amount to be determined at trial;

2.    Equitable relief in the form of an injunction prohibiting the illicit conduct described herein;

3.    Award attorneys' fees and costs to Plaintiff; and,

4.    Grant to Plaintiff whatever other relief the Court may deem just and proper.

**GALANDA BROADMAN PLLC**
8606 35th Ave., NE, Suite L1
Mailing: PO Box 15146
Seattle, Washington 98115
(206) 557-7509

1

DATED this  18th  day of May, 2016.

2

GALANDA BROADMAN PLLC

3

4

R. Joseph Sexton, WSBA # 38063

5

Bree Black Horse, WSBA # 47803
P.O. Box 15416

6

8606 35th Avenue NE, Suite L1
Seattle, WA 98115

7

PH: 206-557-7509
FX: 206-299-7690

8

joe@galandabroadman.com
bree@galandabroadman.com

9

10

Attorneys for Plaintiff

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

COMPLAINT - 25